IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
NORTHERN DIVISION

| | |
|---|---|
| JOCELYN CASTILLO,<br><br>Plaintiff,<br><br>vs.<br><br>TONYA GRAMES and RYAN RAMSEY,<br><br>Defendants. | **REPORT AND RECOMMENDATION TO GRANT MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(6) (DOC NO. 13)**<br><br>Case No.  1:19-cv-00057-RJS-DAO<br><br>Judge Robert J. Shelby<br><br>Magistrate Judge Daphne A. Oberg |

Pro se Plaintiff Jocelyn Castillo, proceeding *in forma pauperis*, filed her Complaint (Doc. No. 3) in this action alleging violations of the Americans with Disability Act ("ADA") and the Utah Antidiscrimination Act ("UADA") during her tenure at Star Cases LLC, d/b/a ZERO Manufacturing ("ZERO Manufacturing"), her former employer.  Rather than naming ZERO Manufacturing as a defendant, Ms. Castillo brought her claims against its human resources manager, Defendant Tonya Grames, and the CEO, Defendant Ryan Ramsey.  (Compl., Doc. No. 3 at 2.)  In response, Ms. Grames and Mr. Ramsey filed a motion to dismiss, (Doc. No. 13), arguing that they cannot be sued in their individual capacities under the ADA and UADA.  Ms. Castillo failed to respond to this dismissal motion.  Having reviewed the motion and Ms. Castillo's Complaint, the undersigned[1] RECOMMENDS that the district judge GRANT the motion and DISMISS Ms. Castillo's claims against Ms. Grames and Mr. Ramsey with prejudice.  The undersigned further RECOMMENDS that the district judge give Ms. Castillo the

---

[1] On June 27, 2019, the district judge referred this case to Magistrate Judge Furse under 28 U.S.C. § 636(b)(1)(B).  (Doc. No. 4.)  On May 15, 2020, this case was reassigned to the undersigned magistrate judge.  (Doc. No. 15.)

1

opportunity to amend her Complaint to name a proper defendant.

## BACKGROUND

Ms. Castillo began working at ZERO Manufacturing on October 13, 2011. (Compl., Ex. 1, Doc. No. 3-1 at 1.)[2] Ms. Castillo alleges that after the death of her daughter in 2016, she suffered from the disabling medical conditions of post-traumatic stress disorder, major depressive disorder, and generalized anxiety disorder. (Compl., Doc. No. 3 at 4; Compl., Ex. 1, Doc No. 3-1 at 6.) She claims that in 2017, Tonya Grames, the human resources manager for ZERO Manufacturing, and Ryan Ramsey, the CEO, discriminated against her due to these disabilities. (Compl., Doc. No. 3 at 2–4; Compl., Ex. 1, Doc. No. 3-1 at 1.) Specifically, she claims they failed to accommodate her need for medical leave, failed to promote her, retaliated against her, and ultimately terminated her in December 2017 due to her disabilities.[3] (Compl., Doc. No. 3 at 4; Compl., Ex. 1, Doc No. 3-1 at 1, 5–6, 11–15.) Ms. Castillo further alleges that Mr. Ramsey instructed Ms. Grames to find a way to terminate her without costing ZERO Manufacturing any money. (Compl., Ex. 1, Doc. No. 3-1 at 1, 13–15.) Ms. Castillo asserts that these actions violated the ADA and UADA. (Compl., Doc. No. 3 at 3–4.) However, Ms.

---

[2] Ms. Castillo attaches additional materials to her Complaint as an exhibit explaining her claims (Doc. No. 3-1), which the court considers in deciding a motion to dismiss. *See Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) ("In evaluating a Rule 12(b)(6) motion to dismiss, courts may consider not only the complaint itself, but also attached exhibits[.]").

[3] In an exhibit Ms. Castillo appends to the Complaint, she also references generalized harassment and a hostile work environment. (*See* Compl., Ex. 1, Doc. No. 3-1 at 1, 5, 8, 10–14, 30.) However, it is apparent that Ms. Castillo details this perceived harassment and hostility as support for her accommodation, discrimination, and retaliation claims brought under the ADA and UADA, rather than as separate causes of action. For instance, after describing being "targeted and harassed" by Mr. Ramsey and Ms. Grames, Ms. Castillo explains, "I considered this to be retaliation and started documenting what was happening. Not only was this retaliation but it was discrimination against me because of my disability." (*Id.* at 12.)

Castillo names only Ms. Grames and Mr. Ramsey as defendants, not ZERO Manufacturing. (Compl., Doc. No. 3 at 2.)

## LEGAL STANDARD

While a court construes the filings of a pro se plaintiff liberally and holds them "to a less stringent standard than formal pleadings drafted by lawyers," *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), a pro se plaintiff must "'follow the same rules of procedure that govern other litigants.'" *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)). Thus, a pro se "plaintiff still has 'the burden of alleging sufficient facts on which a recognized legal claim could be based.'" *Jenkins v. Currier*, 514 F.3d 1030, 1032 (10th Cir. 2008) (quoting *Hall*, 935 F.2d at 1110). While the court must make some allowances for "the [pro se] plaintiff's failure to cite proper legal authority, h[er] confusion of various legal theories, h[er] poor syntax and sentence construction, or h[er] unfamiliarity with pleading requirements[,]" *Hall,* 935 F.2d at 1110, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett*, 425 F.3d at 840.

To avoid dismissal, a complaint must allege "'enough facts to state a claim to relief that is plausible on its face.'" *Hogan v. Winder*, 762 F.3d 1096, 1104 (10th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). In reviewing a motion to dismiss, the court accepts as true the well-pleaded factual allegations and views the allegations in the light most favorable to the plaintiff, drawing all reasonable inferences in the plaintiff's favor. *Wilson v. Montano*, 715 F.3d 847, 852 (10th Cir.

2013). But the court need not accept the plaintiff's conclusory allegations as true. *Hall*, 935 F.2d at 1110. "[A] plaintiff must offer specific factual allegations to support each claim." *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (citing *Twombly*, 550 U.S. at 555). A complaint survives a motion to dismiss only if it states a plausible claim for relief, although courts recognize that "[t]he nature and specificity of the allegations required to state a plausible claim will vary based on context." *Id.* at 1214–15.

## DISCUSSION

### A. ADA Claim

Ms. Castillo alleges Ms. Grames and Mr. Ramsey acted in a discriminatory manner against her, such that their actions violated the ADA. (Compl., Doc. No. 3 at 2–4.) However, Ms. Grames and Mr. Ramsey argue Ms. Castillo's claims against them must be dismissed because individuals cannot be held liable under the ADA. (Mot. to Dismiss 2, Doc. No. 13.)

The ADA prohibits any "covered entity" from discriminating against a qualified individual based on that individual's disability. *See* 42 U.S.C. § 12112. "Discrimination" under this section includes the failure to make reasonable accommodations. 42 U.S.C. § 12112(b)(5)(A). The ADA defines "covered entity" to include "an employer," 42 U.S.C. § 12111(2), and defines "employer" as "a person engaged in an industry affecting commerce who has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year, and any agent of such person." 42 U.S.C. § 12111(5)(A).

In *Butler v. City of Prairie Village*, the Tenth Circuit considered whether the ADA precludes suits against people in their individual capacities. 172 F.3d 736, 744 (10th Cir. 1999).

4

The court noted that individual capacity suits are not permitted under Title VII,[4] 42 U.S.C. § 2000e *et seq.*, and found "no meaningful distinction" between the definitions of "employer" under Title VII and the ADA. *Id.*; *compare* 42 U.S.C. § 12111(5)(A) (ADA definition of "employer") *with* 42 U.S.C. 2000e(b) (Title VII definition of "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person"). Largely because of this, the Tenth Circuit held that "the ADA precludes personal capacity suits against individuals who do not otherwise qualify as employers under the statutory definition." *Butler*, 172 F.3d. at 744. Accordingly, the court found that "the individual defendants named" in the *Butler* case could "not be held liable for discrimination or retaliation in violation of the ADA." *Id.*

Applying this rationale to the matter at issue, neither of the defendants identified in Ms. Castillo's Complaint can be held liable under the ADA. Ms. Castillo's Complaint identifies Ms. Grames as the human resources manager of ZERO Manufacturing and Mr. Ramsey as the CEO of ZERO Manufacturing. (Compl., Doc. No. 3 at 2–3; Compl., Ex. 1, Doc. No. 3-1 at 1.) As an employee of the company, Ms. Grames simply does not meet the definition of an "employer" under the ADA, nor does Mr. Ramsey, as an officer of the company. *See* 42 U.S.C. § 12111(5)(A); *Udoinyion v. The Guardian Sec.*, 440 F. App'x 732, 733–34 (11th Cir. 2011) (unpublished) (holding district court did not err in dismissing pro se plaintiff's ADA claims

---

[4] *See Haynes v. Williams*, 88 F.3d 898, 901 (10th Cir. 1996) ("[P]ersonal capacity suits against individual supervisors are inappropriate under Title VII."); *Sauers v. Salt Lake Cnty.*, 1 F.3d 1122, 1125 (10th Cir. 1993) (stating that under Title VII "individual capacity suits are inappropriate").

against owner/CEO and human resources director because ADA claims may "be brought only against employer-entities, not persons in their individual capacities").

Therefore, neither Ms. Grames nor Mr. Ramsey can be held individually liable under the ADA for the discrimination and retaliation Ms. Castillo alleges in her Complaint.  Accordingly, the undersigned RECOMMENDS that the district judge GRANT Ms. Grames and Mr. Ramsey's motion to dismiss this claim.

### B.  UADA Claim

In addition to the ADA claim, Ms. Castillo alleges Ms. Grames' and Mr. Ramsey's discriminatory and retaliatory actions against her violated the UADA.  (Compl., Doc. No. 3 at 2–4.)  As with the ADA claim, Ms. Grames and Mr. Ramsey argue the UADA claim against them must be dismissed because, as individuals, they cannot be held liable under the UADA.  (Mot. to Dismiss 3, Doc. No. 13.)

The UADA "was modeled after Title VII of the Civil Rights Act of 1964."  *Gottling v. P.R. Inc.*, 2002 UT 95, ¶ 16, 61 P.3d 989.  Like the ADA, the UADA prohibits employers from engaging in certain discriminatory employment practices against qualified individuals with a disability.  Utah Code Ann. § 34A-5-106(1)(a)(i)(H).  Similar to both the ADA and Title VII, the UADA defines "employer" as "a person employing 15 or more employees within the state for each working day in each of 20 calendar weeks or more in the current or preceding calendar year."  Utah Code Ann. § 34A-5-102(1)(i)(i)(D).  And Utah courts use federal case law interpreting Title VII to inform their interpretation of the UADA.  *Darvish v. Labor Comm'n Appeals Bd.*, 2012 UT App 68, ¶ 23, 273 P.3d 953.  Because of this, courts analyzing the issue have found that the UADA, like the ADA and Title VII, precludes individual capacity suits.  *See*, *e.g.*, *Castellano v. Brigham Young Univ.*, No. 2:16-cv-01205-JNP-EJF, 2018 U.S. Dist. LEXIS

153069, at *8 (D. Utah Aug. 16, 2018) (unpublished) ("[T]he UADA mirrors the prohibition against individual capacity suits found in Title VII."), *R&R adopted*, 2018 U.S. Dist. LEXIS 152695 (D. Utah Sept. 6, 2018) (unpublished).

Absent contrary authority, this is enough for the undersigned to conclude that under the UADA, neither Ms. Grames nor Mr. Ramsey can be held individually liable for the discriminatory and retaliatory conduct alleged.  As a human resources manager and CEO, respectively, neither Ms. Grames nor Mr. Ramsey fits the UADA's definition of "employer."  Accordingly, the undersigned RECOMMENDS that the district judge GRANT Ms. Grames and Mr. Ramsey's motion to dismiss Ms. Castillo's UADA claim.

## RECOMMENDATION

For all these reasons, the undersigned RECOMMENDS the district judge GRANT the Motion to Dismiss Under Fed. R. 12(b)(6), (Doc. No. 13), and DISMISS Ms. Castillo's claims against Ms. Grames and Mr. Ramsey (*see* Doc. No. 3).  The undersigned further RECOMMENDS that the district judge dismiss the claims against Ms. Grames and Mr. Ramsey with prejudice.  Amendment would be futile as to those defendants, as individual capacity claims are not permitted under either the ADA or the UADA.  *See Gee v. Pacheco*, 627 F.3d 1178, 1195 (10th Cir. 2010) (indicating dismissal of pro se plaintiff's claims with prejudice is appropriate "where it is obvious that the plaintiff cannot prevail on the facts [s]he has alleged and it would be futile to give h[er] an opportunity to amend." (internal quotations omitted)); *see also Udoinyion*, 440 F. App'x at 732, 734–35 (finding that "the district court did not err in dismissing [ADA claims] against [CEO] and [human resources director] with prejudice"); *Castellano v. Brigham Young Univ.*, No. 2:16-cv-01205-JNP-EJF, 2018 U.S. Dist. LEXIS 152695, at *2 (D. Utah Sept. 6, 2018) (unpublished) (dismissing ADA and UADA claims against individual defendants with

prejudice); *Benavides v. City of Okla. City*, No. CIV-11-126-C, 2011 U.S. Dist. LEXIS 40875, at *4 (W.D. Okla. Apr. 14, 2011) (unpublished) (dismissing ADA claims against individual defendants with prejudice).  Finally, the undersigned RECOMMENDS that Ms. Castillo be given the opportunity to file an amended complaint naming a proper defendant within thirty (30) days of an order dismissing her claims against Ms. Grames and Mr. Ramsey.

The court will send copies of this Report and Recommendation to all parties, who the court hereby notifies of their right to object to the same.  *See* 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72(b).  The parties must file any objection to this Report and Recommendation within fourteen (14) days of service thereof.  *Id.*  Failure to object may constitute waiver of objections upon subsequent review.

DATED this 12th day of June, 2020.

BY THE COURT:

_Daphne A. Oberg_
Daphne A. Oberg
United States Magistrate Judge